

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY, | No. 14-17244 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-01281-RRB |
| v. | |
| D. G. ADAMS, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Ralph R. Beistline, Chief Judge, Presiding[**]

Submitted December 9, 2015[***]

Before:    WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Jamisi Jermaine Calloway, a California state prisoner, appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Ralph R. Beistline, Chief United States District Judge for the District of Alaska, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

among other claims, deliberate indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (dismissal on the basis of a statute of limitations).  We affirm.

The district court properly dismissed Calloway's deliberate indifference claims regarding the denial of an adequate renal diet, ice chips, and sundries because Calloway failed to allege facts sufficient to show defendants were deliberately indifferent.  *See Toguchi v. Chung*, 391 F.3d 1051, 1057-61 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; negligence and a mere difference in medical opinion are insufficient); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (a pleading must offer more than "labels and conclusions or a formulaic recitation of the elements of a cause of action"; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" (citations and internal quotation marks omitted)).

The district court properly concluded that Calloway's claims relating to events and conduct occurring before October 14, 2010 were barred by the statute of limitations.  *See* Cal. Civ. Proc. Code §§ 335.1, 352.1 (two-year statute of

limitations for personal injury claims; two-year tolling period due to incarceration); *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th Cir. 2007) (forum state's personal injury statute of limitations and tolling laws apply to § 1983 actions). Calloway's contention regarding continuing violations is unsupported.

The district court did not abuse its discretion in dismissing Calloway's claims to the extent he sought to add new parties and new claims arising out of events unrelated to the claims upon which he was granted leave to proceed. *See Planned Parenthood of S. Arizona v. Nelley*, 130 F.3d 400, 402 (9th Cir. 1997) (setting forth standard of review and explaining that leave to permit supplemental pleading "cannot be used to introduce a separate, distinct and new cause of action" (citation and internal quotation marks omitted)); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (denying leave to amend where additional claims "advance different legal theories and require proof of different facts").

The district court did not abuse its discretion in denying Calloway further leave to amend after providing Calloway with an opportunity to amend and concluding that further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining dismissal without leave to amend is proper when

amendment would be futile); *see also Cafasso*, *U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (district court did not abuse its discretion in denying leave to amend where the pleading violated Fed. R. Civ. P. 8 pleading standards).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**